# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1209V
### Filed: June 26, 2019
UNPUBLISHED

|  |  |
|---|---|
| LAURENCE KRATZER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Supplemental Attorneys' Fees and<br>Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## SUPPLEMENTAL DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 16, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 41. On February 11, 2019, respondent filed a response to petitioner's motion. ECF No. 42. On February 11, 2019, petitioner filed his reply. On March 6, 2016, the undersigned issued a decision awarding petitioner attorneys' fees and costs in the amount of $24,358.89. ECF No. 44. On March 22, 2019 a judgment was entered pursuant to Vaccine Rule 11(a) awarding petitioner attorneys' fees and costs. ECF No. 46.

On May 20, 2019 petitioner's counsel filed an unopposed motion for relief from Judgment. ECF No. 48. Petitioner's counsel asserts that his firm is entitled to an additional $1,000.00 in attorney fees.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

In his motion filed on January 16, 2016, petitioner requested attorney's fees in the amount of $24,147.70, attorneys' costs in the amount of $1,401.19. ECF No. 41 at 2. These amounts result in a total of $25,548.89 in requested attorneys' fees and costs.

The undersigned reduced the amount of attorneys' fees requested by $190.00, for duplicated billing entries and awarded a total of $23,957.70 for attorneys' fees and $1,401.19 costs. ECF No. at 44. Although these amounts total $25,358.89, only $24,358.89 was awarded. Thus, an additional $1,000.00 should be paid to petitioner's counsel for the remainder of the $25,358.879 for attorneys' fees and costs which should have been awarded.

Upon further review of the petitioner's motion for attorney fees, a clerical error was discovered in the amount of $1,000.00. Under RCFC 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The undersigned grants petitioner's request to correct the decision and finds for this request are necessary to correct a clear error.

**Accordingly, the undersigned awards the total of $<u>1,000.00</u>[2] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle A. Strait.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.